# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | |
|---|---|
| DANIEL JAMES BISHOP, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 2:18-cv-00064 ) CHIEF JUDGE CRENSHAW |
| TIM NASH, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Daniel James Bishop, an inmate at the Putnam County Justice Center in Cookeville, Tennessee, filed a *pro se* civil rights action under 42 U.S.C. § 1983 against Tim Nash and the Putnam County Justice Center. (Doc. No. 1.) Plaintiff also filed two applications to proceed in this Court without prepaying fees and costs. (Doc. Nos. 2 and 6.)

### I. Application to Proceed as a Pauper

The Court may authorize a prisoner to file a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Although Plaintiff's *in forma pauperis* applications are not accompanied by a certified copy of his inmate trust account statement, Plaintiff states that jail staff prevented him from properly completing the application (Doc. No. 1 at 11; Doc. No. 7). Further, it appears from Plaintiff's applications that he lacks sufficient financial resources from which to pay the full filing fee in advance. Accordingly, Plaintiff's applications (Doc. Nos. 2 and 6) will be granted, and the filing fee will be assessed as directed in the accompanying Order. 28 U.S.C. § 1915(b)(1).

### II. Initial Review

Under the screening requirements of the Prison Litigation Reform Act ("PLRA"), the Court must conduct an initial review and dismiss the complaint if it is frivolous or malicious, fails to

state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1). The Court must also construe a *pro se* complaint liberally, United States v. Smotherman, 838 F.3d 736, 739 (6th Cir. 2016) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. See Thomas v. Eby, 481 F.3d 434, 437 (6th Cir. 2007) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)).

### A.     Factual Allegations

Plaintiff alleges that the Putnam County Justice Center and Jail Administrator Tim Nash have denied him necessary mental health treatment by not providing "education" or specialized counseling after Plaintiff learned of his wife's murder. (Doc. No. 1 at 7.) Plaintiff also alleges that Defendants denied him "proper treatment to ready [himself]" to reenter society at the conclusion of his sentence. (Id.) Both the Justice Center and Tim Nash allegedly deny inmates a "healthy nutritious diet" by providing inadequate food for every meal. (Id. at 8.) For breakfast and dinner, Plaintiff alleges that the portions are too small and the food is not hot. (Id.) For lunch, Plaintiff alleges inmates are "consistently [served] 1 sandwich and cookie." (Id.) He also alleges that there have been bugs on meal trays. (Id. at 9.)

Plaintiff alleges that the Justice Center and Tim Nash are responsible for providing cleaning supplies for his unit and ensuring inmates clean the showers in his unit "daily," but the shower has only been cleaned twice in the last eighteen months, leading to "black mold scattered throughout." (Id.) He alleges that there is ongoing construction at the facility, resulting in increased cockroaches and brown recluse spiders. (Id.) "Numerous inmates," Plaintiff alleges, have been bitten by spiders, but did not receive adequate medical treatment. (Id.) There are also "major holes" in cell walls with bugs crawling out of them. (Id.)

2

According to Plaintiff, both the Justice Center and Nash discriminate against inmates in the sex offender segregation unit by not allowing them to hold "unit trustee status," despite other units having at least two trustees. (Id. at 10.) They do not follow proper procedures as to these inmates regarding recreation, library privileges, cleaning, maintenance, safety checks, or laundry. (Id.) They do not remove inmates who bully or extort inmates in the segregation unit for sex offenders. (Id.) Instead, they tell these inmates to "deal with it or they will lock the unit down as a whole" because the facility cannot house "aggressive inmates" elsewhere. (Id.) And they allegedly threaten inmates in the segregation unit for sex offenders with "capit[a]l punishment." (Id.)

### B. Standard of Review

To determine whether a prisoner's complaint "fails to state a claim on which relief may be granted" under the PLRA, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)). An assumption of truth does not, however, extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94 (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### C. Discussion

"To prevail on a cause of action under § 1983, a plaintiff must prove '(1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting

3

under the color of state law.'" Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009) (quoting Sigley v. City of Parma Heights, 437 F.3d 527, 533 (6th Cir. 2006)).

### 1. Dismissal of Putnam County Justice Center and Tim Nash

Plaintiff names the Putnam County Justice Center as a defendant, but the Justice Center is a building, "not a 'person' or legal entity subject to suit under 42 U.S.C. § 1983." McIntosh v. Cap Brighton, No. 14–CV–11327, 2014 WL 1584173, at *2 (E.D. Mich. Apr. 21, 2014) (collecting cases establishing that jail facilities are improper defendants under Section 1983). Although the Court may liberally construe Plaintiff's references to the Putnam County Justice Center as an attempt to name Putnam County as a defendant, doing so would be futile in this case. For Plaintiff to state a Section 1983 claim against Putnam County, he must show that he "suffered a constitutional violation" and that the county's "policy or custom directly cause the violation." Hadrick v. City of Detroit, Mich., 876 F.3d 238, 243 (6th Cir. 2017) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-92 (1978)). And for the reasons stated below, Plaintiff has not shown that he suffered a constitutional violation. Accordingly, the Putnam County Justice Center will be dismissed as a party.

Plaintiff alleges that Tim Nash—the only other defendant—is an administrator at the Justice Center, and he repeatedly references Nash in the body of the complaint. But Plaintiff's allegations regarding Nash's involvement in his claims are either unsupported by specific facts, or improperly based on Nash's position as a supervisor. A Section 1983 claim against a supervisor "must fail . . . unless 'the supervisor encouraged [a] specific incident of misconduct or in some other way directly participated in it.'" Cardinal v. Metrish, 564 F.3d 794, 802–03 (6th Cir. 2009) (quoting Combs v. Wilkinson, 315 F.3d 548, 558 (6th Cir. 2002)). "Summary assertions of legal liability are insufficient to sustain recovery in [Section] 1983 actions." George v. Ballard, No. 17-

5161, 2017 WL 7550768, at *2 (6th Cir. Aug. 23, 2017) (citing Gilmore v. Corr. Corp. of Am., 92 F. App'x 188, 190 (6th Cir. 2004)) (finding that an inmate failed to state a claim based only on allegations that defendants were "legally responsible" for operation of the prison).

Here, Plaintiff alleges that Nash "cannot and will not provide" necessary mental health treatment, and that Nash "knowingly and willingly" denied him rehabilitative treatment. (Doc. No. 1 at 7.) He summarily asserts that Nash denies inmates "a healthy nutritious diet." (Id. at 8.) Plaintiff alleges that Nash is "respons[i]ble" for providing adequate cleaning supplies and ensuring that inmates clean the showers. (Id. at 9.) And he alleges that Nash knowingly and willingly "al[l]ow[s] . . . discrimination and unfair treatment to . . . all inmates housed in [the] segregation unit for sex offenders." (Id. at 10.) These allegations do not reflect that Nash personally participated in any unconstitutional conduct, as required to state a Section 1983 claim. For this reason alone, Defendant Nash is subject to dismissal.

### 2. Failure to State an Eighth Amendment Claim

Even considering the specific allegations in the complaint, however, Plaintiff still fails to state a claim. He alleges that Defendants provided him inadequate mental health care, inadequate food, and unclean living conditions. The Eighth Amendment imposes a duty on prison officials to ensure that convicted inmates "receive adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. 825, 832–33 (1994) (collecting cases). But Plaintiff's alleged conditions do not rise to the level of an Eighth Amendment violation.

An Eighth Amendment claim for denial of adequate medical care has objective and subjective components. Dominguez, 555 F.3d at 550 (quoting Farmer, 511 U.S. at 834). "The objective component requires a plaintiff to show the existence of a 'sufficiently serious' medical need." Id. (quoting Farmer, 511 U.S. at 834). "The subjective component, in contrast, requires a

5

plaintiff to 'allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk.'" Id. (quoting Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir. 2001)).

Here, Plaintiff alleges that Defendants denied him adequate mental health care by depriving him of education, "proper treatment to ready [himself]" for reentry, and grief counseling. As to the first two alleged deprivations, the failure to provide education and rehabilitative mental health treatment in advance of release from custody do not violate the Eighth Amendment. See Bullock v. McGinnis, 5 F. App'x 340, 342 (6th Cir. 2001) (citing Rhodes v. Chapman, 452 U.S. 337, 348 (1981)) ("[A] prisoner has no constitutional right to rehabilitation, education, or jobs."). As to the third deprivation, Plaintiff alleges that Defendants did not provide him "specialized" counseling after he learned of his wife's murder. To be sure, the Sixth Circuit has held that "a prisoner's psychological needs may constitute serious medical needs, especially when they result in suicidal tendencies." Richmond v. Huq, 885 F.3d 928, 938 (6th Cir. 2018) (citations omitted). But in this case, Plaintiff does not provide any specific factual allegations about his psychological condition or mental health needs. Although the Court is sympathetic to Plaintiff's loss, the Court "is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions." Frazier v. Michigan, 41 F. App'x 762, 764 (6th Cir. 2002) (collecting cases). Accordingly, Plaintiff has not alleged that he suffered from a sufficiently serious psychological need, and so he fails to state a claim for denial of adequate mental health care.

Next, Plaintiff alleges that Defendants deny inmates a "healthy nutritious diet." (Doc. No. 1 at 8.) For food to be constitutionally adequate, it need only be sufficient to "maintain normal health." Cunningham v. Jones, 567 F.2d 653, 660 (6th Cir. 1977). Plaintiff's only specific factual

6

allegations relate to portion size and temperature, and he does not allege that the meals had an adverse effect on his health. See Richmond v. Settles, 450 F. App'x 448, 456 (6th Cir. 2011) (footnote omitted) (holding that the alleged "deprivation of seven meals" over six days did "not rise to the level of an Eighth Amendment violation" where the prisoner did "not allege that his health suffered as a result of the meal deprivation"). Moreover, Plaintiff's allegation that the kitchen area is unsanitary, leading to some number of bugs on meal trays, is not sufficient for the Court to conclude that Plaintiff's conditions "fell below the 'minimal civilized measure of life's necessities as measures by a contemporary standard of decency." See Balcar v. Smith, No. 17-5159, 2017 WL 3613479, at *2 (6th Cir. July 17, 2017) (quoting Dellis v. Corr. Corp. of Am., 257 F.3d 508, 511 (6th Cir. 2001)) (finding that inmate failed to state Eighth Amendment claim based on allegations of occasional "foreign bodies in his food and the presence of rodents and insects in the kitchen area" that "did not result in any alleged injury"). In sum, "[t]he fact that . . . [prison] food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation." Smith v. Younger, 187 F.3d 638, 1999 WL 623355, at *2 (6th Cir. Aug. 9, 1999) (quoting Hamm v. DeKalb Cty., 774 F.2d 1567, 1575 (11th Cir. 1985)).

Plaintiff also alleges that Defendants provide unclean living conditions. As an initial matter, Plaintiff alleges that these conditions resulted in other inmates being bitten by insects, and these inmates did not receive proper medical treatment. To the extent that Plaintiff is challenging the jail's living conditions on behalf of other inmates, he does not have standing to do so. See Dodson v. Wilkinson, 304 F. App'x 434, 438 (6th Cir. 2008) (quoting Newson v. Norris, 888 F.2d 371, 381 (6th Cir. 1989)) (noting that prisoners "lack[] standing to assert the constitutional rights of other prisoners").

As to Plaintiff's own living conditions, the objective component of an Eighth Amendment conditions-of-confinement claim requires Plaintiff to "demonstrate that he has been subjected to specific deprivations that are so serious that they deny him 'the minimal civilized measure of life's necessities.'" Richmond, 450 F. App'x at 455 (quoting Rhodes, 452 U.S. at 347). "The subjective component requires the plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs." Id. (citing Farmer, 511 U.S. at 834). Here, Plaintiff alleges that his unit does not have adequate cleaning supplies, and the shower in his unit has only been cleaned twice in the last eighteen months, resulting in "black mold scattered throughout." (Doc. No. 1 at 9.) He also alleges that, due to ongoing construction, there is an infestation of cockroaches and brown recluse spiders, and bugs crawl out of holes throughout the jail. (Id.) But Plaintiff does not allege that these conditions caused him physical harm, and his allegations do not reflect that he was subjected to the type of "extreme deprivations" necessary to satisfy the objective component of an Eighth Amendment claim. See Harden-Bey v. Rutter, 524 F.3d 789, 795 (6th Cir. 2008) (quoting Hudson v. McMillian, 503 U.S. 1, 9 (1992)); Powell v. Washington, 720 F. App'x 222, 228 (6th Cir. 2017) (holding that a prisoner's allegation that "he was not given appropriate cleaning supplies" did not state an Eighth Amendment claim where the complaint did not show that he lived in "inhumane conditions").

### 3. Failure to State a Discrimination Claim

Plaintiff also alleges that Defendants discriminate against inmates in the segregation unit for sex offenders in various ways. (Doc. No. 1 at 10.) An inmate may state a discrimination claim under the Equal Protection Clause by alleging "sufficient facts to show 'that a state actor intentionally discriminated against [him] because of membership in a protected class." Brand v. Motley, 526 F.3d 921, 924 (6th Cir. 2008) (quoting Henry v. Metro. Sewer Dist., 922 F.2d 322,

341 (6th Cir. 1990)). Convicted sex offenders are not a protected class for equal protection purposes. Cutshall v. Sundquist, 193 F.3d 466, 482 (6th Cir. 1999). Moreover, Plaintiff's allegations do not reflect that inmates in the sex offender unit are treated differently because they are in the sex offender unit, and such "[c]onclusory equal protection claims, without specific factual allegations, are inadequate to state a civil rights claim." Bishawi v. Ne. Ohop Corr. Ctr., 628 F. App'x 339, 345 (6th Cir. 2014) (citing Harden-Bey, 524 F.3d at 796).

### III. Conclusion

For these reasons, the Court concludes that Plaintiff fails to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915A, 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1). Plaintiff's applications to proceed *in forma pauperis* (Doc. Nos. 2 and 6) will be granted, this action will be dismissed, and the Court will certify that any appeal in this matter would not be taken in good faith. 28 U.S.C. § 1915(a)(3). The Court, therefore, will not grant Plaintiff leave to proceed *in forma pauperis* on any appeal.

An appropriate Order is filed herewith.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE