# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | |
|---|---|
| DANIEL JAMES BISHOP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 2:18-cv-00064 |
| ) | CHIEF JUDGE CRENSHAW |
| TIM NASH, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Daniel James Bishop, an inmate at the Putnam County Justice Center in Cookeville, Tennessee, filed a *pro se* civil rights action under 42 U.S.C. § 1983 against Tim Nash and the Putnam County Justice Center. (Doc. No. 1.) Plaintiff also filed two applications to proceed in this Court without prepaying fees and costs. (Doc. Nos. 2 and 6.)

**I.     Applications to Proceed as a Pauper**

It appears from Plaintiff's *in forma pauperis* applications that he lacks sufficient financial resources from which to pay the full filing fee in advance. Plaintiff's applications (Doc. Nos. 2 and 6) are therefore **GRANTED**, and he is **ASSESSED** the $350.00 filing fee, to be paid as follows:

The custodian of Plaintiff's inmate trust account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of--(A) the average monthly deposits to the [plaintiff's] account; or (B) the average monthly balance in the [plaintiff's] account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1). After the initial filing fee is fully paid, the trust account officer must withdraw from Plaintiff's account and pay to the Clerk monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount

in the account exceeds $10. These payments must continue until the $350.00 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The Clerk of Court is **DIRECTED** to send a copy of this Order to the Putnam County Justice Center in Cookeville, Tennessee, to ensure that the custodian of Plaintiff's inmate trust account complies with the portion of 28 U.S.C. § 1915 pertaining to payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance with this Order. All payments made in compliance with this Order must clearly identify Plaintiff's name and the case number as shown on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

**II.     Initial Review**

For the reasons stated in the accompanying Memorandum Opinion, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915A, 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1). Accordingly, this action is **DISMISSED**. For the same reasons that the Court dismisses this action, the Court **CERTIFIES** that any appeal in this matter would not be taken in good faith, and therefore will not grant Plaintiff leave to proceed *in forma pauperis* on any appeal. 28 U.S.C. § 1915(a)(3).

The Clerk shall enter judgment in accordance with Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE